UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>TREVOR EDWARDS,<br><br>                        Defendant. | Case No: 17-20916-CR-UNGARO |

MR. EDWARDS' MOTION TO SUPPRESS STATEMENTS

Mr. Trevor Edwards, through undersigned counsel, moves to suppress statements made to law enforcement on or about December 12, 2017 at Miami International Airport. In support thereof, counsel states as follows:

1. On December 12, 2017, Mr. Edwards arrived at Miami International Airport aboard American Airlines Flight #2219 from a business trip in St. Maarten.

2. Mr. Edwards presented himself to United States Customs and Border Protection ("CBP") passport control as a United States Citizen. Mr. Edwards failed to declare that he was traveling with over $10,000 in currency on his customs declaration form.

3. Mr. Edwards travels regularly to the Caribbean to conduct business and is always selected for secondary inspection upon returning to the United States.

4. After searching his backpack, CBP officers discovered over $10,000.

5. Customs agents detained Mr. Edwards and seized his phone, wallet, miscellaneous documents, and other belongings, including computers.

6. One of the miscellaneous documents seized was a business card of undersigned counsel and his firm, Varghese & Associates, P.C., who Mr. Edwards had consulted with previously to seek redress with the Department of Homeland Security (DHS).

7. Mr. Edwards kept undersigned counsel's card in his wallet specifically to deal with DHS.

8. Mr. Edwards has been subject to a secondary screening each time he has re-entered the United States, despite owning an United States passport.

9. A few years ago, after consultation with counsel, Mr. Edwards filed a complaint with DHS.

10. DHS responded to Mr. Edwards' complaint and gave him a redress number.

11. Law enforcement seized the response letter issued by the Director of the DHS Traveler Redress Inquiry Program with Mr. Edwards' Redress Control Number.

12. While in custody, Mr. Edwards asked to speak to a lawyer.

13. Law enforcement denied this request.

14. While in custody, Mr. Edwards asked if he could call his wife in order to contact counsel, as he did not have access to his contacts in his phone or the contact cards in his wallet, as these had been seized by law enforcement.

15. Law enforcement denied this request.

16. After law enforcement denied Mr. Edwards' Fifth Amendment right to counsel, Mr. Edwards involuntarily signed their *Miranda* waiver form.

17. Law enforcement then conducted a videotaped interview of Mr. Edwards.

18. The government provided a copy of this video to prior counsel, who subsequently provided it to undersigned counsel.

19. A review of the video shows none of the dialogue between law enforcement and Mr. Edwards leading up to and including Mr. Edwards signing the *Miranda* waiver form. In fact, even Mr. Edwards signing the form is <u>not</u> on the video.

20. The video begins with a comment by law enforcement that a *Miranda* waiver was signed by Mr. Edwards.

21. Only after the interview was completed and upon transport to the jail, did law enforcement permit Mr. Edwards to contact his wife.

22. His wife subsequently hired his former counsel to represent him at his presentment before Magistrate White.

23. As undersigned counsel was only notified via ECF this morning that the deadline for this motion was today, we reserve the right to supplement this motion with additional facts, analysis, and case law.

24. Pursuant to Local Rule 88.9, undersigned counsel has conferred in good faith with the government to resolve the issues raised in the motion and have been unable to do so.

WHEREFORE, Vinoo P. Varghese, moves this Court to grant Mr. Edwards' motion to suppress statements taken from him by law enforcement, or in the alternative, order a hearing to determine whether Mr. Edwards' *Miranda* rights were violated and the voluntariness of his custodial statements.

Date:  March 12, 2018
       New York, New York

Respectfully submitted,

VARGHESE & ASSOCIATES, P.C.

       /s/
By:    Vinoo P. Varghese

*Attorneys for Trevor Edwards*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>TREVOR EDWARDS,<br><br>        Defendant. | Case No: 17-20916-CR-UNGARO |

MR. EDWARDS' MEMORANDUM OF LAW

  Mr. Edwards' post-detainment videotaped statements were the product of an invalid waiver of his *Miranda* rights. Prior to the recorded statements, law enforcement denied Mr. Edwards request to speak to an attorney and denied his request to contact his wife, so she could contact an attorney. Furthermore, Mr. Edwards had undersigned counsel's card in his belongings specifically to deal with the Department of Homeland Security but was <u>not</u> permitted to use his phone or go through his belongings to retrieve the card.

  It was only after questioning ceased that law enforcement allowed Mr. Edwards to contact his wife. Thus, the waiver of Mr. Edwards' *Miranda* rights was <u>not</u> knowing, voluntary, or intelligent as required under *Miranda v. Arizona* and the Fifth Amendment to the United States Constitution.

Date: March 12, 2018
    New York, New York

                   Respectfully submitted,

                   VARGHESE & ASSOCIATES, P.C.

                     /s/
              By: Vinoo P. Varghese

                   *Attorneys for Trevor Edwards*